UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES MCALLISTER, also known as
Charles McCallister,

                              **Plaintiff,**

                v.                                            9:10-CV-610
                                                                (FJS/CFH)

BRIAN FISCHER, Commissioner of New York
State Department of Correctional Services;
LUCIEN J. LECLAIRE, Deputy Commissioner,
New York State Department of Correctional
Services; PATRICIA LECONEY, Superintendent,
Cape Vincent Correctional Facility; CAROL
WOUGHTER, Superintendent, Mohawk
Correctional Facility; and JOHN/JANE DOE(S),

                              **Defendants.**
_____

**APPEARANCES**                                        **OF COUNSEL**

**CHARLES MCALLISTER**
Westbury, New York 11590
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **ADELE M. TAYLOR-SCOTT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

### ORDER

       Currently before the Court is Magistrate Judge Homer's July 16, 2012 Report-Recommendation and Order, *see* Dkt. No. 55, and Plaintiff's objections thereto, *see* Dkt. No. 56.

       Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 against Defendants,

alleging that they violated his constitutional rights under the First and Fourteenth Amendments. *See* Dkt. No. 1.  On December 22, 2011, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 49.  Plaintiff objected to that motion.  *See* Dkt. No. 53.  In his July 16, 2012 Report-Recommendation and Order, Magistrate Judge Homer granted Defendants' motion as to all named Defendants and as to all claims other than the due process claim in connection with his disciplinary hearing and denied Defendants' motion with respect to Plaintiff's procedural due process claim in connection with his disciplinary hearing.  *See* Dkt. No. 55 at 28.  Magistrate Judge Homer also recommended that the Court grant Plaintiff sixty days to file an amended complaint to add Hearing Officer Call as a Defendant.  *See id.*

      Magistrate Judge Homer explained that, if the Court adopted his recommendations, the only remaining claim would be Plaintiff's Fourteenth Amendment due process claim, in which he alleged that there existed no evidence to support the hearing officer's finding of guilt at the disciplinary hearing.  *See id.* at 27.  Magistrate Judge Homer also noted that, although none of the named Defendants were personally involved in that determination, Plaintiff had requested additional time to file an amended complaint to add the hearing officer, Call, as a Defendant.  *See id.*  Magistrate Judge Homer concluded that, accepting as true, Plaintiff's claim that he was not aware of the identity of the hearing officer until recently, he had shown cause for his failure to identify Call as a Defendant.  *See id.*  Therefore, he recommended that the Court provide Plaintiff with an additional sixty days to amend his complaint to add Hearing Officer Call as a Defendant, who was personally involved in the alleged due process claim.  *See id.*  Plaintiff objected to those portions of Magistrate Judge Homer's Report-Recommendation and Order which dismissed his

claims against the named Defendants.  *See, generally*, Dkt. No. 56.

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject or modify those recommendations.  *See* 28 U.S.C. § 636(b)(1).  The court conducts a *de novo* review of the portions of the magistrate judge's recommendations to which a party objects.  *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  """If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."""  *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))).  Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error.  *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

The Court has thoroughly reviewed Plaintiff's objections to Magistrate Judge Homer's recommendations.  Although most, if not all, of Plaintiff's objections are general or conclusory or reiterate Plaintiff's original arguments, the Court conducted a *de novo* review of Magistrate Judge Homer's Report-Recommendation and Order in light of those objections.  Having completed that review, the Court hereby

**ORDERS** that Magistrate Judge Homer's July 16, 2012 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff is **GRANTED sixty (60) days** from the date of this Order to file an amended complaint to add hearing officer Call as a Defendant.  Any such amended complaint that Plaintiff files shall include only one cause of action – a procedural due process claim in

connection with his disciplinary hearing – and one Defendant – hearing officer Call; and the Court further

**ORDERS** that Defendants' motion for summary judgment with respect to Plaintiff's procedural due process claim in connection with his disciplinary hearing is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** with respect to all of Plaintiff's claims, other than his procedural due process claim in connection with his disciplinary hearing; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** with respect to all of Plaintiff's claims, including his procedural due process claim in connection with his disciplinary hearing, against all of the currently named Defendants in this action, i.e., Brian Fischer, Lucien LeClaire, Patricia LeConey, and Carol Woughter; and the Court further

**ORDERS** that, if Plaintiff does not file an amended complaint within **sixty (60) days** of the date of this Order, the Court will dismiss this action without further Order of the Court; and the Court further

**ORDERS** that, if Plaintiff files an amended complaint within **sixty (60) days** of the date of this Order, which amended complaint shall include only one cause of action – a procedural due process claim in connection with his disciplinary hearing – and only one Defendant – hearing

officer Call – this case shall be remanded to Magistrate Judge Hummel for all further pretrial matters; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 12, 2013
      Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Court Judge