**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**CHARLES MCALLISTER also known as**
**CHARLES MCCALLISTER,**

**Plaintiff,**

**v.**                                                        **9:10-CV-610**
                                                                  **(FJS/CFH)**

**HAROLD CALL, Vocational Supervisor,**
**Mohawk Correctional Facility,**

**Defendant.**

_____

**APPEARANCES**                          **OF COUNSEL**

**CHARLES MCALLISTER**
Westbury, New York 11590
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**          **KEITH J. STARLIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

### ORDER

Currently before the Court are Magistrate Judge Hummel's October 9, 2014 Report-

Recommendation and Order, _see_ Dkt. No. 81, and Plaintiff's objections thereto, _see_ Dkt. No. 83.

Plaintiff, a former inmate who was, at all relevant times, in the custody of the New York

Department of Corrections and Community Supervision, commenced this action pursuant to 42

U.S.C. § 1983. In his original complaint, Plaintiff asserted claims against Brian Fischer, Lucien

J. LeClaire, Patricia LeConey, Carol Woughter, and John and Jane Does. Defendants moved for

summary judgment. *See* Dkt. No. 49. By Report-Recommendation and Order dated July 6, 2012, Magistrate Judge Homer recommended that this Court dismiss all claims against the named individuals and direct Plaintiff to join Harold Call as a Defendant. *See* Dkt. No. 55. This Court accepted the Report and Recommendation and Order in its entirety and directed Plaintiff to file an amended complaint to "include only one cause of action    a procedural due process claim in connection with his disciplinary hearing    and one Defendant    hearing officer Call." *See* Dkt. No. 58 at 4-5.

Plaintiff thereafter filed his amended complaint and requested compensatory and punitive damages. *See* Dkt. No. 64, Amended Complaint at 4. In this amended complaint, Plaintiff alleged that Defendant violated his constitutional rights under the First, Eighth and Fourteenth Amendments. *See* Dkt. No. 64, Amended Complaint at ¶¶ 33, 34, 43.

On May 9, 2014, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. No. 74. In a Report-Recommendation and Order dated October 9, 2014, Magistrate Judge Hummel recommended that this Court grant Defendant's motion in part and deny his motion in part. *See* Dkt. No. 81 at 33. Plaintiff filed objections to Magistrate Judge Hummel's recommendations. *See* Dkt. No. 83.

Where a party makes specific objections to portions of a magistrate judge's report and recommendation, the court conducts a *de novo* review of those recommendations. *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). Where a party makes no objections or makes only conclusory or general objections, however, the court reviews the report and recommendation for "clear error" only. *See Salmini v. Astrue*, 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June

23, 2009) (quotation omitted). After conducting the appropriate review, a district court may

decide to accept, reject, or modify those recommendations. *See Linares v. Mahunik*, No. 9:05-

CV-625, 2009 WL 3165660, \*10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

Although Plaintiff's objections are, in most respects, general or conclusory, given his *pro*

*se* status, the Court has conducted a *de novo* review of Magistrate Judge Hummel's Report-

Recommendation and Order. Having completed its review, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 9, 2014 Report-Recommendation

and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **GRANTED in part** and

**DENIED in part**; and the Court further

**ORDERS** that Plaintiff's First Amendment claims, his Eighth Amendment claims, and

his challenge to the constitutionality of Directive 4913 are **DISMISSED**; and the Court further

**ORDERS** that, to the extent that Plaintiff has asserted claims against Defendant in his

official capacity, those official-capacity claims are **DISMISSED**; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **DENIED** with respect to

Plaintiff's Fourteenth Amendment due process claims and with respect to Defendant's qualified

immunity defense; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Hummel for all further pretrial

matters; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 28, 2014
        Syracuse, New York


_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge